**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **KIM YATES, Individually and as** | § | |
| **Representative of the Estate of** | § | |
| **ASHTON YATES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **VS.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **THOMPSON TRANSPORTATION, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Kim Yates, Individually and as Representative of the Estate of Ashton Yates, (hereinafter referred to as "Plaintiff"), files this Original Complaint, and in support respectfully shows the Court the following:

### I. PARTIES

1.      Plaintiff Kim Yates is the biological mother of Ashton Yates.  Plaintiff is a citizen of the State of Texas and resides in Van, Texas.

2.      Defendant Thompson Transportation, Inc. (hereinafter referred to as "Thompson Transportation") is a corporation incorporated in Arkansas, and doing business under Arkansas law. Further, Thompson Transportation, Inc.'s principal place of business is Little Rock, Arkansas.  Thompson Transportation, Inc. can be served with citation by serving its registered agent, Jimmy Thompson, 32 Maisons Drive, Little Rock, Arkansas  72223.

## II. JURISDICTION

3.      The Court has jurisdiction over this lawsuit pursuant to 28 USC § 1332(a)(1) because Plaintiff and Defendant are citizens of different statements, and the amount in controversy exceeds $75,000, excluding interest and costs.

## III. VENUE

4.      Venue is proper in this Court under 28 USC § 1391(a)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## IV. FACTUAL BACKGROUND

5.      Plaintiff files this action to recover damages for the wrongful death of her son, Ashton Yates, resulting from a motor vehicle collision in Gregg County, Texas.

6.      On or about December 6, 2010, nineteen year old college student Ashton Yates sustained fatal injuries in a car collision.

7.      Sabino Serrano Hernandez (hereinafter "Hernandez"), an employee of Thompson Transportation, acting in the course and scope of his employment with Thompson Transportation and at all relevant times under the full and complete supervision, direction and control of Thompson Transportation, failed to yield the right of way to Mr. Yates while driving a tractor trailer.

8.      The tractor trailer turned left in front of Mr. Yates's car.  Mr. Yates was unable to stop and his vehicle collided with the passenger side of the tractor trailer.

9.      Mr. Yates was pronounced dead at the scene of the collision.

10.     Whenever it is alleged in this Complaint that the Defendant did any act or thing, it is meant that the Defendant's agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and

at the time such act or thing was done it was done with the authorization of the Defendant or was done in the normal routine course of the agency or employment of the Defendant.

11.     The liability and negligence of the Defendant was the direct and proximate cause of the collision and Mr. Yates's death, and the damages as alleged herein.

### V. CAUSES OF ACTION
### *Wrongful Death and Survival Causes of Action*

12.     This suit is, in part, brought under the Texas Wrongful Death Statute (Tex. Civ. Prac. & Rem. Code Sec. 71.001, *et. seq*.) by Ashton Yates's surviving mother, Kim Yates, who seeks to recover all damages permitted by said statute.

13.     Further, this suit is also brought under the Texas Survival Statute (Tex. Civ. Prac. & Rem. Code Sec. 71.021, *et. seq*.) by Plaintiff in her capacity as Representative of the Estate of Ashton Yates for personal injuries, pain and suffering, and other damages suffered prior to Ashton Yates's death.

### *Negligence/Negligence per se of Defendant*

14.     The collision made the basis of this action and the resulting damages and injuries were proximately caused by the negligent conduct of Thompson Transportation and/or Hernandez, their agents, representatives, and/or employees.

15.     Thompson Transportation is responsible for the negligent acts and/or omissions attributable to its employees, agents, officers, directors, supervisors and representatives under the theory of *respondeat superior*, or vicarious liability, because the acts and/or omissions of such persons occurred in the course and scope of their employment, agency or representative capacity.

16.   Defendant and/or Hernandez, for whom Defendant is legally responsible, committed one or more of the following acts or omissions, either directly or through their employees, agents, officers, supervisors and representatives, each of which amounted to an act and/or omission which a reasonable person or entity would not have done in the same or similar circumstances, proximately causing the occurrences, injuries, damages and ultimate death complained of herein:

A.   Failure to observe traffic rules by failing to yield the right of way to Mr. Yates.

B.   Failure to keep a proper lookout.

C.   Failure to timely apply the brakes to the tractor trailer in order to avoid the collision in question.

D.   Failure to control speed.

E.   Failure to turn the tractor trailer to the right or the left in order to avoid the collision in question.

F.   Failure to operate the tractor trailer in the same manner that a person of ordinary prudence would have operated under the same or similar circumstances.

G.   Failure to keep proper management and control of the tractor trailer as a person of ordinary prudence would have kept under the same or similar circumstances.

17.   Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and proximately caused the injuries and damages alleged herein.

18.   In addition, the actions of Defendant and/or those for whom Defendant is legally responsible amount to negligence per se.  Specifically, the above-referenced acts or omissions violated Section 545.153 of the Texas Transportation Code.

### *Negligent Entrustment by Thompson Transportation*

19.     Thompson Transportation entrusted its tractor trailer to be operated by Hernandez.  At all relevant times, Hernandez was and is a reckless and incompetent driver.  Thompson Transportation knew or should have known that Hernandez was a reckless and incompetent driver.   On the occasion in question, Hernandez was negligent.  The negligence of Hernandez proximately caused the death of Mr. Yates.

### *Negligent Hiring and Retention by Thompson Transportation*

20.     Thompson Transportation had and exercised the sole right to hire and fire drivers of the tractor trailers it operated.  Thompson Transportation hired Hernandez as a driver of its tractor trailer and retained him as a driver.   At all relevant times, Hernandez was and is a reckless and incompetent driver.  On the occasion in question, Hernandez was negligent.  The negligence of Hernandez proximately caused the death of Mr. Yates.  Thompson Transportation, acting by and through its agents, servants and employees, was guilty of negligent acts and omissions, including acts in violation of applicable laws and statutes, in connection with the hiring and retention of Hernandez as a driver of its tractor trailer.   Such acts and omissions were negligence and negligence per se and, taken singularly and collectively, directly and proximately caused the death of Mr. Yates.

### *Negligent Training and Supervision by Thompson Transportation*

21.     Thompson Transportation had and exercised the sole right to train and supervise the drivers of its tractor trailers.  Thompson Transportation, acting by and through its agents, servants and employees, was guilty of negligent acts and omissions, including acts in violation of applicable laws and statutes, in connection with the training and supervision of Hernandez as a driver of its tractor trailer.  Such acts and

omissions were negligence and negligence per se and, taken singularly and collectively, directly and proximately caused the death of Mr. Yates.

### *Presumption of Ordinary Care*

22.     The law presumes and it is a fact that Mr. Yates was exercising ordinary care for his own safety at the time of the occurrence and that he was not negligent in any respect.

### VI. DAMAGES

23.     The conduct of Defendant, and/or individuals for whom the Defendant is legally responsible, as described herein, caused the death of Ashton Yates and the damages alleged in this matter.   Accordingly, Plaintiff seeks to recover all actual damages which have been occasioned by Defendant's negligent conduct, including but not necessarily limited to, the following:

a)      Ashton Yates's past physical suffering;

b)      Ashton Yates's mental pain and anguish;

c)      Ashton Yates's reasonable and necessary medical expenses;

d)      Ashton Yates's reasonable and necessary burial expenses;

e)      Kim Yates's mental pain and anguish arising from the death of her son, both past and future;

f)      Kim Yates's damages arising from the loss of companionship and society of her son, both past and future;

g)      Kim Yates's damages arising from the loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value she would have received if Ashton Yates lived;

h)      pre- and post-judgment interest in accordance with Texas law; and

(i)     costs of suit.

## VII. Amount in Controversy

24.     As a result of the negligence proximately caused by Defendant, its agents, representatives, and/or employees, Plaintiff has sustained damages greater than $75,000.00, excluding interest and costs.

## VIII. Jury Demand

25.     Plaintiff respectfully requests trial by jury.

## IX. Prayer

For the reasons stated above, Plaintiff requests that the Court require Defendant to appear and answer, and upon trial, that the Court enter judgment against Defendant for the causes of action set forth above, that the Court award Plaintiff actual and compensatory damages, pre- and post-judgment interest, in an amount that is in excess of the minimum jurisdictional limits of the Court, along with such other and further relief to which the Plaintiff be lawfully entitled, whether at law or in equity.

Respectfully submitted,


By:   _/s/ Don Tittle_
        Don Tittle
        State Bar No. 20080200
LAW OFFICES OF DON TITTLE
3102 Maple Avenue, Suite 450
Dallas, Texas  75201
214/522-8400
214/953-9380 - fax
dontittle@earthlink.net

*Attorney for Plaintiff*